IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOAN RICKERT, | ) | 8:07CV334 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| MIDLAND LUTHERAN COLLEGE, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff has been granted leave to proceed in forma pauperis (IFP). The court now conducts an initial review of Plaintiff's complaint under authority of 28 U.S.C. §§ 1915(e)(2)(B), to determine whether the case is frivolous or malicious, whether the complaint fails to state a claim on which relief may be granted, or whether Plaintiff seeks monetary relief against a defendant who is immune from such relief.

Plaintiff filed her pro se complaint in this matter on August 27, 2007, naming five defendants: (1) Midland Lutheran College; (2) Steven Titus; (3) Gene Crume; (4) Steve Schneider; and (5) Tara Knudson-Carl. Liberally construed, the complaint alleges that Midland Lutheran College, Plaintiff's former employer, discriminated against Plaintiff because of a disability or perceived disability (breast cancer) and because of her age (46 to 47). As to these claims, Plaintiff appears to have exhausted her administrative remedies under the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA).[1] Plaintiff received a right-to-

---

[1] Plaintiff's complaint may also include claims arising under the Nebraska Fair Employment Practice Act (NFEPA) and the Nebraska Act Prohibiting Unjust Discrimination in Employment Because of Age. These Nebraska acts have been applied in the same manner as the ADA and the ADEA. *See Orr v. Wal-Mart Stores, Inc.*, 297 F.3d 720, 723 (8th Cir. 2002) (disability discrimination provisions in the NFEPA are patterned after the ADA); *Billingsley v. BFM Liquor Management, Inc.*,

sue letter from the Equal Employment Opportunity Commission on May 25, 2007, and she appears to have filed suit in a timely manner. I conclude, however, that Plaintiff has failed to state a claim upon which relief can be granted as against the four individual defendants.

"Neither the Court of Appeals for the Eighth Circuit nor the United States Supreme Court have addressed the issue of whether there is individual liability under Title I of the ADA. However, other Circuit Courts have addressed the issue and found that individual[s] are not personally liable under Title I of the ADA." *Craig v. Wingfield*, No. 4:05CV000791, 2007 WL 1219742, *3 (E.D.Ark. Apr. 25, 2007). *See also Whaley v. United States*, 82 F. Supp. 2d 1060, 1061 (D.Neb. 2000) (ADA does not provide for individual liability); *Ways v. City of Lincoln*, No. CV94-3265, 1995 WL 935759, *1 (D.Neb. Mar. 10, 1995) ("[I]t is inconceivable that Congress intended to make individual employees personally liable for employer violations of the ADA[.]"). Similarly, "[a]lthough the Eighth Circuit Court of Appeals has not explicitly decided the issue, the majority of the other federal circuit courts of appeals have uniformly held that the ADEA does not provide for individual liability." *Nelson v. Long Lines Ltd.*, 335 F. Supp. 2d 944, 964 n. 5 (N.D.Iowa 2004) (citations omitted). *See also Payne v. Peter Kiewit Sons', Inc.*, No. 8:06CV686, 2007 WL 1319535, *3 n. 4 (D.Neb. Apr. 3, 2007) (under the ADEA an individual is not an "employer" and cannot be held individually liable); *Hamilton v. Nicholson*, No. 8:03CV443, 2007 WL 1290132, *3 (D.Neb., Mar. 12, 2007) (same). Consequently, Plaintiff's claims against the four individual defendants will be dismissed, and her action will proceed only against Midland Lutheran College for its alleged violations of the ADA and the ADEA.[2]

---

645 N.W.2d 791, 801 (Neb. 2002) (when applying the provisions of the Nebraska age discrimination act, the Nebraska Supreme Court will look to federal decisions interpreting the ADEA).

[2] The court will also exercise supplemental jurisdiction over comparable claims arising under the NFEPA and the Nebraska age discrimination act.

IT IS ORDERED that:

1.  Plaintiff's claims against the individual defendants, Steven Titus, Gene Crume, Steve Schneider, and Tara Knudson-Carl, are dismissed with prejudice.

2.  To obtain service of process on the remaining defendant, Midland Lutheran College, Plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send ONE summons form and ONE USM-285 form to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of Court. In the absence of the forms, service of process cannot occur.

3.  Upon receipt of the completed forms, the Clerk will sign the summons, to be forwarded with a copy of the complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk will copy the complaint, and Plaintiff does not need to do so.

4.  Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. Failure to obtain service on the defendant within that deadline may result in dismissal of this matter.

5.  The Clerk of Court is directed to set a pro se case management deadline using the following text: "December 26, 2007: Plaintiff's deadline for service of summons."

6.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

7.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

8.     Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal.

October 5, 2007.                     BY THE COURT:

                                          s/ *Richard G. Kopf*
                                          United States District Judge